IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIK M. HANSEN,

     **Plaintiff,**

     **v.**

EXPERIAN INFORMATION SOLUTIONS,
INC.,

     **Defendant.**

Case No. 16-CV-2629-DDC-GLR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Extension of Time to File Motion to Compel Pursuant to Local Rule 37.1 (ECF 28). Plaintiff seeks an extension of time to file a motion to compel Defendant to produce documents responsive to Plaintiff's Interrogatories and Requests for Production. Defendant opposes the motion because it is out of time, and because Plaintiff has not demonstrated good cause or excusable neglect to justify allowing him to file a motion to compel outside the thirty-day requirement set forth in D. Kan. Rule 37.1. The motion is fully briefed and the Court is prepared to rule. For the reasons stated in detail below, the Court denies Plaintiff's motion for extension of time.

## I.    Background

Plaintiff served his First Set of Interrogatories and Request for Production of Documents on Defendant on December 9, 2016. The parties conducted a Fed. R. Civ. P. 26(f) conference on January 10, 2017, and Plaintiff received responses to the Interrogatories and Request for Production of Documents from Defendant on February 9, 2017. Plaintiff argues that Defendant's responses to the interrogatories consisted only of "frivolous objections."[1] Plaintiff

---

[1]ECF 28 at 2.

also contends that Defendant objected to each of the document requests, and provided only limited documentation in response to the requests for production.

Plaintiff served notice on Defendant of a deposition duces tecum, scheduled for February, 28, 2017. Plaintiff hoped that the deponent would bring to the deposition the documents Plaintiff sought in his request for production of documents, but the deponent did not do so. On March 21, 2017, counsel for Plaintiff sent counsel for Defendant a letter concerning the lack of discovery. Defendant responded by reiterating its objections to Plaintiff's discovery requests. The parties met and conferred on March 28, 2017, at which time Defendants again reiterated their objections. Defendant issued additional discovery to Plaintiff on April 14, 2017. On May 9, 2017, the Court held a discovery conference and granted Plaintiff leave to file out of time his motion for extension of time to file a motion to compel.

## II.     Discussion

D. Kan. Rule 37.1 provides the following regarding the timing of motions to compel:

> **(b) Time for Filing Motions**. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such a motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.[2]

This Court has consistently held that the thirty-day period in which to file a motion to compel is triggered when specific information first leading to a dispute is discovered, and this period is not tolled while the parties continue to confer on discovery issues.[3] As this Court has previously explained,

> the deadline of 30 days is not tolled while the parties are engaged in conferring efforts to resolve the discovery dispute without court intervention. Instead, the

---

[2] D. Kan. Rule 37.1(b).

[3] *E.g.*, *McCoy v. Miller*, No. 12-3050-JAR, 2013 WL 5966139, at *2 (D. Kan. Nov. 8, 2013) (citations omitted); *Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008).

common practice in this District is for a party to request, prior to its expiration, an extension of its deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring. Although courts on occasion have excused the untimely filing of a motion to compel under certain circumstance, those decisions do not indicate a common practice of the Court.[4]

Here, the thirty-day period began to run on February 9, 2017, when Defendant served its objections to Plaintiff's interrogatories and requests for production.[5]  Thus, the deadline for Plaintiff to file a motion to compel was March 11, 2017.[6]  Consistent with this Court's previous rulings in similar cases, Plaintiff's efforts in this case to resolve the issues with Defendant without intervention of the Court did not toll the deadline for a motion to compel in conformity with D. Kan. Rule 37.1.[7]  Unless the Court finds that Plaintiff has demonstrated good cause or excusable neglect in not filing a timely motion to compel, his objections to Defendant's responses are waived.[8]

In determining whether a party has demonstrated excusable neglect, courts consider the following factors: (1) whether the movant acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial

---

[4]*Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011) (internal citations omitted).

[5]Doc. 28 at 2 (explaining that Plaintiff received Defendant's responses, including its objections, on February 9, 2017); *see Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *4 (D. Kan. Mar. 11, 2011) ("Thus, the thirty day period in which to file a motion to compel was triggered when Defendant served its objections on August 17, 2010, and any motion to compel should have been filed by September 17, 2010).

[6]Even if the Court was convinced that the triggering event was March 21, 2017 (the date Plaintiff sent a letter to Defendant regarding its discovery concerns) or March 28, 2017 (the date the parties met and conferred)— the Court is not so convinced—Plaintiff's proposed motion to compel would still be filed outside the thirty-day window.  Indeed, Plaintiff appears to concede that his proposed motion to compel is untimely.  Doc 28 at 3–4 ("Plaintiff moves this Court to allow him to file a motion to compel discovery responses, which arguably is past 30 days since said responses were submitted and/or supplemented").

[7]*McCoy*, 2013 WL 5966139, at *2; *Cont'l Cas. Co.*, 2008 WL 73345, at *4.

[8]D. Kan. Rule 37.1(b).

proceedings.[9]  Having considered these factors, the Court finds that Plaintiff has not demonstrated good cause or excusable neglect in failing to timely file a motion to compel.

Plaintiff argues that good cause or excusable neglect exists based on his good-faith continuing discussions with Defendant to resolve these issues throughout the thirty-day period and thereafter, and based on Defendant's failure to provide reasonable responses to Plaintiff's discovery requests.  Even if Plaintiff acted in good faith in attempting to resolve the conflict with Defendant, these continuing attempts to resolve the issues do not constitute good reason for the delay.[10]  Unlike in some cases where this Court has allowed untimely motions to compel, Plaintiff did not falsely rely on opposing counsel's false assurances of compliance with the discovery requests.[11]  To the contrary, Defendant repeated its objections to the discovery requests during the course of the parties' communications, and Plaintiff argues in his motion that Defendant refused to participate in discovery.  Thus, rather than based on any misrepresentation regarding Defendant's position on these discovery issues, any reason for the delay here was within the control of Plaintiff.  Accordingly, the Court finds Plaintiff has not demonstrated a good reason for the delay.

The Court further finds that Defendant could potentially be prejudiced in having to defend an untimely motion to compel.  Defendant has maintained its objections to the discovery requests throughout the parties' communications.  Requiring Defendant to respond to an untimely motion to compel, after the parties have already communicated over the course of several months without a motion, could subject Defendant to expense that could have been

---

[9]*Layne*, 2011 WL 124538, at *1 (citation omitted).

[10]*See, e.g., McCoy*, 2013 WL 5966139, at *2; *Cont'l Cas. Co.*, 2008 WL 73345, at *4.

[11]*See Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011) ("In some cases, this District has excused an untimely motion to compel because the movant relied upon opposing counsel's false assurances of compliance.").

avoided by a timely motion to compel. Additionally, the length of the delay that has already occurred and the potential additional delay if the Court were to grant Plaintiff's motion for extension of time could unnecessarily prolong discovery and interfere in the judicial process. For these reasons, the Court finds that Plaintiff has not demonstrated good cause or excusable neglect in failing to file a timely motion to compel. Accordingly, it denies Plaintiff's motion for extension of time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Erik Hansen's Motion for Extension of Time to File Motion to Compel Pursuant to Local Rule 37.1 (ECF 28) is **denied**.

Dated: June 22, 2017

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge